(Judge Wilson sitting in place of Judge Adams.)

*ZANESVILLE TELEPHONE & TELEGRAPH CO. V. ZANESVILLE.

1. SECTION 3461, REV. STAT., CONFERS JUDICIAL FUNCTIONS.

Section 3461, Rev. Stat., providing that when any lands authorized to be appropriated, under sec. 3456, Rev. Stat., by telegraph or telephone companies, are subject to the easement of a street, alley or public way, or other public use, within the limits of any city or village, and the corporation and the company cannot agree, "the probate court of the county, in a proceeding instituted for the purpose, shall direct in what mode such telegraph line shall be constructed along such street, alley or public way, so as not to incommode the public therein," bestows upon the probate court a judicial, not a legislative, function and is not unconstitutional.

*For decision of the common pleas in this case, see 10 Dec., 134.

**2. PROBATE COURTS—JURISDICTION—AS USE OF STREETS.**

> Probate courts, therefore, have, under sec. 3461, Rev. Stat., jurisdiction, in the event the municipal corporations and telephone companies cannot agree, to determine how the law of eminent domain shall be applied, or to determine the mode of the use of streets, so that companies may have their rights and the public may not be incommoded in the use of public ways.

**3. USE OF STREETS—A JUDICIAL QUESTION.**   ᵥ

> The question whether the use of a street is according to law, is one which is properly relegated to the courts for settlement.

WILSON, J. (Sitting for Judge Adams.)

The case of The Zanesville Telephone and Telegraph Company against the city of Zanesville is a proceeding in error to reverse the order of the court of common pleas, affirming the order of the probate court in the case. We have before us an opinion of the judge of the court of common pleas, containing a statement of the case, as follows.

" The record in this case discloses that prior to August 9, 1899, the Zanesville Telephone and Telegraph Company filed its petition, amendment to the petition, and supplemental petition in the probate court of this county, wherein it is alleged said company is a corporation duly organized under the laws of Ohio, for the purpose of constructing, operating and maintaining a line or lines of telephone or telegraph within the state of Ohio, by the use of the streets, alleys, public ways, and other public gounds of the villages, towns and cities of said state, and any of the public roads, highways and lanes within the state, by entering thereon and making the preliminary surveys, and using and occupying said streets, alleys and highways with poles and other appliances necessary in constructing, operating and maintaining a line of telephone and telegraph ; and the said company has the right to contract with any other person, individual, or company, for the purpose of transmitting messages over their telegraph or telephone lines, and with a right to purchase any lines of telephone or telegraph from other individuals or corporations.

" The petition further represents that, on March 20, 1899, the said company presented to city council of Zanesville, a certain ordinance and agreement, providing for the mode of use within the limits of said city over the streets, alleys, and public ways of the same, the agreement providing for the mode and manner in which said telephone and telegraph lines should be constructed along said streets, alleys, and public ways, so as not to incommode the public by the use of the same ; that said ordinance and agreement was by said city council referred to the street and alley committee. Said plaintiff frequently requested said street and alley committee to act upon the same and make report to the city council, but it refused so to do. The petition further alleges that, plaintiff was unable to agree with the municipal authorities as to the mode of use of the streets and alleys, and that the municipal authorities unreasonably delayed to enter into any agreement with the petitioner.

" In the supplemental petition, it is also alleged that, the city had proposed an agreement to the plaintiff, but that the agreement was of such a character that the plaintiff could not accept the same, and did decline to accept the same, and that the plaintiff and said city were una-

ble to come to terms as to the manner and mode in which plaintiff might use and occupy the streets of the city of Zanesville, so as not to incommode the public in the use of the same.

"The prayer of the petition and the supplemental petition is that, the probate court might determine and fix the mode of use of the alleys, streets, and public ways of the said city for the said telephone and telegraph company.

"Various motions were made by the defendant city to these pleadings of the plaintiff below, and a demurrer was interposed to the petition, amendment and supplement thereto, which demurrer was overruled by the probate court; and thereupon, the defendant city filed its answer to the petition, amendment, and supplement thereto, in which it is alleged that the city did not refuse or unreasonably delay entering into an agreement with the said company, and in which it denied that the mode of use proposed by the city council was unreasonable and denied that the city and the company were unable to agree as to the mode of use of said streets and alleys, and said city council only took sufficient and reasonable time to duly consider and act upon the matter in the interest of the said city.

"The record further discloses that, on August 9, 1899, the cause came on for hearing in the probate court, upon the pleadings and the evidence. Whereupon, the following judgment was rendered by the probate court:"

"This day this cause came on for trial, and the court having heard the evidence and arguments of counsel, and being fully advised in the premises, finds that the law, to-wit: Section 3461, Rev. Stat., of Ohio, in so far as it authorizes this court to act, is unconstitutional, and that this court has no jurisdiction to hear and determine this cause, and for that reason does not here consider the evidence introduced upon the trial of this cause, in any respect, and for the reason stated, it is ordered that the petition of the Zanesville Telephone and Telegraph Company filed herein be and it is hereby dismissed, and said company shall pay all the costs of this proceeding, to all of which said company then and there excepted."

Error was prosecuted from this judgment to the court of common pleas, and that court affirmed the judgment of the probate court. The contention of the city which prevailed in the lower courts is thrown into syllogistic form, by the judge of the common pleas court in his opinion, thus:

"The argument of counsel for the defendant in error is that, the legislature cannot, under the constitution, impose upon the probate court the exercise of non-judicial functions.

"That the duty or function imposed on the probate court by sec. 3461, Rev. Stat., is non-judicial."

"Therefore, sec. 3461, Rev. Stat., is unconstitutional."

If the premises of this syllogism be true, the judgment of the courts below is correct. It is the minor premise which is challenged in this proceeding.

What have we? To begin with, we have two voluntary corporations, which receive their charters from the state. They are public in their character, and for that reason, the legislature says: "We will not let you act and do as a private person may with his own, so that he does not injure others, but we will prescribe by law, how you shall act." This applies to both the municipal corporation and the telephone company. The right of the telephone company is to appropriate the streets

and alleys of the city for the use of its company. The duty of the city is to control the streets and alleys of the city so as to keep them open, in repair, and free from nuisance.

The telephone company comes to the city and says: "The state has given me the right to use your streets, but it has said I must agree with you as to the mode of use. I have here an ordinance which I think is a fair agreement between you and me. I propose that we adopt it."

The city says: "No; the legislature has given me the control of the streets and alleys for the purpose of keeping them open, in repair, and free from nuisance. I cannot let you use the streets and alleys in the way you propose in this agreement, because I think it is violative of my rights, but I will propose to you a plan upon which you may use the streets and alleys, and it may be thus and so." The telephone company says: "No; that is an unreasonable restriction of my right to use the streets, and I cannot agree to it." How are we to settle this contention between these two corporations, who are persons in law? Can the council of the city do it by legislating upon that subject? The legislature has not seen fit to give to the municipality any legislative authority over telephone companies. It can neither grant nor refuse a franchise to a telephone company, by the exercise of its legislative power. The legislature has said to it: "I will reserve to myself the right to grant these franchises when and where I will, but you may agree with the telephone company as to the mode of use." Agreement is not legislation. It is the act of private parties. Therefore, when the legislature provided, in sec. 3461, Rev. Stat., that the telephone company and the city council might agree, it did not intend to provide that the city council might legislate so as to regulate the mode of use, and compel the telephone company to abide by the legislation.

Here are two persons contending in law and disputing as to the facts. Where will they go to settle their difficulties? To the legislature? The legislature has not the facts nor the means of ascertaining them. It has declared the law, but cannot apply it, because that is a judicial function. The law must be applied to a state of facts; the state of facts will not be the same in any two municipalities; therefore, they must seek a forum which is competent to ascertain what the facts are, in order to determine what are the rights of these two contending corporations. In other words, they must seek the aid of a court.

It is the duty of the legislature to declare the law, and of the courts to apply it. What is the law? The statute which is challenged here is sec. 3461, Rev. Stat. In order that it may be understood, it must be read in connection with sec. 3456, which provides:

"Any such company may enter upon any land, whether held by an individual or a corporation, and whether acquired by purchase or appropriation, or in virtue of any provision in its charter, for the purpose of making preliminary examinations and surveys, with a view to the location and erection of lines of magnetic telegraph, and may appropriate so much thereof as may be deemed necessary for the erection and maintenance of its telegraph poles, piers, abutments, wires, and other necessary fixtures."

Here is conferred upon the plaintiff the power of eminent domain, to enter upon and take any land anywhere, belonging to anybody, for the purposes of its business.

Telephone Co. v. Zanesville.

Section 3461, Rev. Stat., qualifies this right.  It provides:

"When any lands authorized to be appropriated to the use of a company are subject to the easement of a street, alley, public way, or other public use, within the limits of any city or village, the mode of use shall be such as shall be agreed upon between the municipal authorities of the city or village and the company; and if they cannot agree, the probate court of the county, in a proceeding instituted for the purpose, shall direct in what mode such telegraph line shall be constructed along such street, alley, or public way, so as not to incommode the public in the use of the same." By subsequent enactment, these provisions of the statute are made applicable to telephone companies.

This is not the grant of a power to the telephone company.  It is a limitation upon the grant made in sec. 3456, Rev. Stat.  Reading the two sections together, they mean that the telephone company may appropriate a street for the purposes of its business, but when it appropriates, it shall so use the street as not to incommode the public in its use.

How is the law applied? The mode of use must be according to the facts and circumstances surrounding the streets of the municipality where it is sought to exercise the franchise. The legislature has not determined how this telephone company should use the streets of Zanesville. The law which it has enacted is a general law, applicable to all municipalities, but the facts which will determine whether the use made of the streets does or does not incommode the public, will not be the same in Zanesville and any other municipality.

Therefore the question which is left to be determined by the probate court, in the event the parties cannot agree, is, how shall this law be applied, so that the telephone company may have its rights, and enjoy the use of the streets, and so that the public may not be incommoded by reason of any use it may make of the streets.

If there had been no provision sending these parties to the probate court for the determination of this question ; if the statute had simply provided that the streets might be used as they might agree, and the city would refuse to agree; the telephone company could go into any court of competent jurisdiction and compel the city to come in, and the court hearing the facts would prescribe the terms upon which the parties should agree.

The legislature has not sent the parties to a court of general jurisdiction, but it has conferred this jurisdiction upon the probate court, which would not have had it, without this special provision in the statute. It is always an open question whether the use of a street is according to law, and one which is relegated to the courts for settlement. Take the general provision of sec. 2640, Rev. Stat., that municipal corporations have exclusive control of the streets, to keep them open, in repair, and free from nuisance.  How frequently we find, in the courts, the question raised, whether a street is open, whether it is kept in repair, and whether it is free from nuisance; and these questions are always judicial in their character.  So too, here, the mode of use by the telephone company, so as not to incommode the travelling public, is determinable upon the facts in the case, in a court of justice.

Therefore, we conclude that the function which is bestowed upon the probate court in sec. 3461, Rev. Stat., is judicial in its character, and that the statute is not unconstitutional.

In State ex rel. v. Railroad Co., 36 Ohio St., 434, a court of equity directs a railway company how it shall build a road, under this kind of statutory provision. The statute under consideration in that case was:

"It shall be lawful for such corporation, whenever it may be necessary in the construction of such road, to cross any road or stream of water, to divert the same from its present location or bed; but said corporation shall, without unnecessary delay, place such road or stream in such condition as not to impair its former usefulness."

It could cross, it could divert, but it must not impair the former usefulness of the road or stream. In the section of the law which we are construing, the telephone company may use the street, but it must not use it so as to incommode the public. In the opinion of that case, the court say, on page 441:

"While the company continues in the exercise of the franchise, we entertain no doubt of the right of the state to compel it to perform the condition upon which the franchise was granted. This may be done, as was sought in this case, by petition invoking the equity powers of the court, prosecuted by the attorney general in the name of the state.

"The plaintiff having been found entitled to an injunction against the use of the highway by the railroad company, and the latter having diverted it from its location, but leaving it in such close proximity to the railroad as to make it dangerous for public travel, it was proper for the court to prescribe what change in the location should operate to supersede the injunction."

In other words, dealing with a company exercising a franchise under this provision of the statute, a court of equity could direct it how it must build its road, and how it must treat the highway, or the stream, it crossed, in order that it might not be enjoined.

So in this case, a court of competent jurisdiction may direct the telephone company how it may use the streets, so that the public may not be incommoded, and in doing so, it is exercising its proper judicial, not a legislative function. Having this view of the law, we are of the opinion, the probate court has jurisdiction to determine the question in dispute between these parties, and to decide the issue made by the petition and answer in the case; that the probate court erred when it held it had no jurisdiction, and that the court of common pleas erred when it affirmed the judgment of that court. The judgment, therefore, of these courts, respectively, will be reversed and the cause remanded to the probate court for further proceedings.